IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PETER MARIO GOICO,

    Plaintiff,

v.

UNITED STATES FOOD AND DRUG
ADMINISTRATION and STEPHEN M.
HAHN, COMMISSIONER OF FOOD AND
DRUGS,
    Defendants.

Case No. 20-1248-JAR-KGG

## MEMORANDUM AND ORDER

On September 16, 2020, *pro se* Plaintiff Peter Mario Goico filed a Civil Complaint against Defendants, the U.S. Food and Drug Administration ("FDA") and its Commissioner, Stephen M. Hahn, alleging that the FDA is effectively holding him and his elderly father under illegal house arrest by withholding hydroxychloroquine for the prevention of the SARS-CoV-2 ("COVID-19") virus. Plaintiff alleges causes of action arising under 21 U.S.C. § 360bbb-3 and 5 U.S.C. §§ 701−706, contends that his civil rights are being violated, and seeks declaratory and injunctive relief. Plaintiff asks this Court to "enjoin the FDA from disallowing prophylaxis [sic] use of hydroxychloroquine and enjoin any medical authority from punishing any doctor who prescribes hydroxychloroquine as a prophylaxis for COVID-19."[1] On the same day he filed his Complaint, Plaintiff also filed a motion to consolidate this action with another case pending before Judge Broomes, Case No. 20-cv-1025-JWB-GEB.[2]

---

[1] Doc. 1 at 3.

[2] Doc. 3.

On September 21, 2020, Plaintiff filed an Emergency Motion for Preliminary Injunction (Doc. 4).  Defendants have not yet been served in this case, and Plaintiff's motion does not include a certificate of service indicating that Defendants have received notice of Plaintiff's request for an injunction.  Because Plaintiff titles his pleading as an "emergency" motion and requests an "expedited process for a preliminary injunction," the Court will examine whether Plaintiff has satisfied his burden in seeking a temporary restraining order ("TRO") without notice under Fed. R. Civ. P. 65(b)(1).[3]

"[A] district court may hold ex parte proceedings when a party requests a TRO."[4]  For an ex parte TRO, the movant must satisfy two prerequisites under Rule 65(b)(1).  First, the movant must set forth "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."[5]  Second, "the movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required."[6]  To constitute irreparable harm, the injury "must be both certain and great" rather than "merely serious or substantial."[7]  Irreparable harm "is often suffered when 'the injury can[not] be adequately atoned for in money,' or when 'the district court cannot remedy [the injury] following a final

---

[3] Doc. 4 at 1.

[4] *ClearOne Commc'ns, Inc. v. Bowers*, 509 F. App'x 798, 802 (10th Cir. 2013).

[5] Fed. R. Civ. P. 65(b)(1)(A).

[6] Fed. R. Civ. P. 65(b)(1)(B).

[7] *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (first quoting *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985); then quoting *A.O. Smith Corp. v. FTC*, 530 F.2d 515, 525 (3d Cir. 1976)).

determination on the merits.'"[8]  Wholly conclusory statements alone will not demonstrate irreparable harm.[9]

In his motion, Plaintiff fails to make a sufficient showing that he will suffer irreparable and immediate harm before Defendants can be heard.  Rather than alleging specific facts in a verified complaint or affidavit that clearly show the threat of great and certain injury, Plaintiff offers generalized allegations regarding his and his father's susceptibility to COVID-19, and states that his due process rights are being violated because he cannot leave his home except "under penalty of death" because the FDA will not allow doctors to prescribe the drug Plaintiff wishes to take as a prophylactic.[10]  Plaintiff contends that due to the social distancing required under the circumstances, he is being deprived of a variety of his civil rights, including but not limited to freedom of religion and assembly.  Plaintiff also alleges, without factual support, that the government's stockpile of hydroxychloroquine is at risk of being wasted as time passes.

The COVID-19 pandemic has been ongoing for many months, and many citizens are currently exercising great caution to avoid exposure.  Plaintiff's allegations are simply insufficient to show that he will suffer irreparable and immediate harm before Defendants can be heard, as would justify a temporary restraining order without notice under Rule 65(b)(1).  Additionally, Plaintiff has failed to certify in writing his efforts to give Defendants notice of his motion and the reasons why notice should not be required here, as mandated by the rule.

Perhaps after an evidentiary hearing, Plaintiff can demonstrate that he will suffer an injury that cannot be remedied following a final determination on the merits.  In order for

---

[8] *Id.* (first quoting *A.O. Smith Corp.*, 530 F.2d at 525; then quoting *Am. Hosp. Ass'n v. Harris*, 625 F.2d 1328, 1331 (7th Cir. 1980)).

[9] *See, e.g.*, *Blango v. Thornburgh*, 942 F.2d 1487, 1493 (10th Cir. 1991).

[10] Doc. 4 at 1.

Defendants to have an adequate opportunity to respond, the Court orders Plaintiff to effectuate service of Summons, the Complaint, and the Emergency Motion for Preliminary Injunction, as well as this Order and the pending Motion to Consolidate Cases, on all Defendants on or before October 6, 2020.  Defendants shall respond Plaintiff's motion for a preliminary injunction on or before October 20, 2020.  Upon entry of appearances by all Defendants, the Court will contact the parties to set a preliminary injunction hearing.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Emergency Motion for Preliminary Injunction (Doc. 4) is **denied** only to the extent that it seeks a TRO without notice.  The motion for a preliminary injunction remains pending.  Plaintiff shall effectuate service of Summons, the Complaint, and the Emergency Motion for Preliminary Injunction, as well as this Order and the pending Motion to Consolidate Cases, on all Defendants on or before October 6, 2020.  Defendants shall respond to the motion for a preliminary injunction on or before October 20, 2020.  Upon entry of appearances by all Defendants, the Court will contact the parties to set a preliminary injunction hearing.

**IT IS SO ORDERED.**

Dated: September 22, 2020

                S/ Julie A. Robinson
                JULIE A. ROBINSON
                CHIEF UNITED STATES DISTRICT JUDGE