IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PETER MARIO GOICO,<br><br>     **Plaintiff,**<br><br>     v.<br><br>UNITED STATES FOOD AND DRUG ADMINISTRATION and STEPHEN M. HAHN, COMMISSIONER OF FOOD AND DRUGS,<br>     **Defendants.** | Case No. 20-1248-JAR-KGG |

**MEMORANDUM AND ORDER**

On September 16, 2020, *pro se* Plaintiff Peter Mario Goico filed a Civil Complaint against Defendants, the U.S. Food and Drug Administration ("FDA") and its Commissioner, Stephen M. Hahn, alleging that the FDA is effectively holding him and his elderly father under illegal house arrest by withholding hydroxychloroquine for the prevention of the SARS-CoV-2 ("COVID-19") virus. Plaintiff alleges causes of action arising under 21 U.S.C. § 360bbb-3 and 5 U.S.C. §§ 701−706, contends that his civil rights are being violated, and seeks declaratory and injunctive relief. Plaintiff asks this Court to "enjoin the FDA from disallowing prophylaxis [sic] use of hydroxychloroquine and enjoin any medical authority from punishing any doctor who prescribes hydroxychloroquine as a prophylaxis for COVID-19."[1]

On September 21, 2020, before Defendants had appeared in this case, Plaintiff filed an Emergency Motion for Preliminary Injunction.[2] Because Plaintiff titled his pleading as an "emergency" motion and requested an "expedited process for a preliminary injunction," the

---

[1] Doc. 1 at 3.
[2] Doc. 4.

Court examined whether Plaintiff had satisfied his burden in seeking a temporary restraining order ("TRO") without notice under Fed. R. Civ. P. 65(b)(1). In an order dated September 22, 2020, the Court found that Plaintiff had not met his heavy burden under Rule 65(b)(1) because he failed to make a sufficient showing that he would suffer irreparable and immediate harm before Defendants could be heard in opposition to his motion.[3] The Court ordered Plaintiff to effectuate service of Summons, the Complaint, the Emergency Motion for Preliminary Injunction, and the Court's September 22 Order on all Defendants on or before October 6, 2020. The Court further ordered Defendants to respond Plaintiff's motion for a preliminary injunction on or before October 20, 2020, and stated that upon entry of appearances by all Defendants, it would contact the parties to set a preliminary injunction hearing. Defendants entered an appearance in this case on September 24, 2020.[4]

Rather than awaiting Defendants' response to his motion for a preliminary injunction, Plaintiff has now filed a second Emergency Motion for TRO (Doc. 14). As set forth in the Court's prior Order, "a district court may hold ex parte proceedings when a party requests a TRO."[5] For an ex parte TRO, the movant must satisfy two prerequisites under Rule 65(b)(1). First, the movant must set forth "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."[6] Second, "the movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be

---

[3] Doc. 6.

[4] Doc. 8.

[5] *ClearOne Commc'ns, Inc. v. Bowers*, 509 F. App'x 798, 802 (10th Cir. 2013).

[6] Fed. R. Civ. P. 65(b)(1)(A).

required."[7]  To constitute irreparable harm, the injury "must be both certain and great" rather than "merely serious or substantial."[8]  Irreparable harm "is often suffered when 'the injury can[not] be adequately atoned for in money,' or when 'the district court cannot remedy [the injury] following a final determination on the merits.'"[9]  Wholly conclusory statements alone will not demonstrate irreparable harm.[10]

As in his first motion, Plaintiff again offers generalized allegations regarding his and his father's susceptibility to COVID-19, and states that unless the Court immediately orders the FDA to cease withholding hydroxychloroquine from the public, he and his father will be unable to attend religious services or a political protest this coming weekend, resulting in the deprivation of their First Amendment freedoms.  Plaintiff acknowledges, however, that that the harm he is allegedly suffering, or about to suffer, has been ongoing since "the beginning of the COVID-19 pandemic and quarantine," which is now many months ago.[11]  As it stated previously, the Court does not find that Plaintiff having to take the kinds of safety precautions that many Americans have been taking for months to avoid or minimize the risk of exposure to COVID-19 is sufficient to show the threat of great and certain injury as would justify a TRO.

Finally, although he seeks a TRO, Plaintiff states that he has provided notice in writing to the opposing party.  Because the Court finds that Plaintiff has failed to make a sufficient showing that he will suffer irreparable and immediate harm before Defendants can be heard in opposition,

---

[7] Fed. R. Civ. P. 65(b)(1)(B).

[8] *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (first quoting *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985); then quoting *A.O. Smith Corp. v. FTC*, 530 F.2d 515, 525 (3d Cir. 1976)).

[9] *Id.* (first quoting *A.O. Smith Corp.*, 530 F.2d at 525; then quoting *Am. Hosp. Ass'n v. Harris*, 625 F.2d 1328, 1331 (7th Cir. 1980)).

[10] *See, e.g.*, *Blango v. Thornburgh*, 942 F.2d 1487, 1493 (10th Cir. 1991).

[11] Doc. 14 at 1.

the current deadline for Defendants' response to Plaintiff's motion for a preliminary injunction shall remain in effect.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Emergency Motion for TRO (Doc. 14) is **denied**. Plaintiff's motion for a preliminary injunction (Doc. 4) remains pending. Defendants shall respond to the motion for a preliminary injunction on or before October 20, 2020, and the Court will contact the parties forthwith to set a date for the preliminary injunction hearing.

**IT IS SO ORDERED.**

Dated: September 28, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
