IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PETER MARIO GOICO,<br><br>**Plaintiff,**<br><br>v.<br><br>UNITED STATES FOOD AND DRUG ADMINISTRATION and STEPHEN M. HAHN, COMMISSIONER OF FOOD AND DRUGS,<br>**Defendants.** | Case No. 20-1248-JAR-KGG |

## MEMORANDUM AND ORDER

On September 16, 2020, *pro se* Plaintiff Peter Mario Goico filed a Civil Complaint against Defendants, the U.S. Food and Drug Administration ("FDA") and its Commissioner, Stephen M. Hahn, alleging that the FDA is effectively holding him and his elderly father under illegal house arrest by withholding hydroxychloroquine for the prevention of the SARS-CoV-2 ("COVID-19") virus. Plaintiff's Complaint requests that this Court "enjoin the FDA from disallowing prophylaxis [sic] use of hydroxychloroquine and enjoin any medical authority from punishing any doctor who prescribes hydroxychloroquine as a prophylaxis for COVID-19."[1] Before Defendants appeared in this case, Plaintiff filed an Emergency Motion for Preliminary Injunction seeking such relief.[2]

Because Plaintiff titled his pleading as an "emergency" motion, the Court examined whether Plaintiff had satisfied his heavy burden in seeking a temporary restraining order ("TRO") without notice under Fed. R. Civ. P. 65(b)(1). In an order dated September 22, 2020,

---

[1] Doc. 1 at 3.
[2] Doc. 4.

the Court found that Plaintiff had not met that burden because he failed to make a sufficient showing that he would suffer irreparable and immediate harm before Defendants could be heard in opposition to his motion.[3]  The Court ordered Defendants to respond to Plaintiff's motion for a preliminary injunction on or before October 20, 2020, and stated that upon entry of appearances by all Defendants, it would contact the parties to schedule a preliminary injunction hearing.

Rather than awaiting Defendants' response to his motion for a preliminary injunction, Plaintiff filed a second Emergency Motion for TRO,[4] which the Court denied on September 28, 2020.[5]  The Court ordered that the October 20, 2020 deadline for Defendants' response to Plaintiff's motion for a preliminary injunction would remain in effect.  Plaintiff has since filed a motion for reconsideration of the Court's denial of his second request for a TRO.[6]

On October 20, 2020, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted, along with their opposition to Plaintiff's motion for a preliminary injunction.[7]  Defendants raise lack of standing and subject matter jurisdiction, which are threshold issues.  Because the Court must assure itself of its own jurisdiction before proceeding to any request for injunctive relief, the Court will decide Defendants' motion to dismiss before ruling on Plaintiff's motion for a preliminary injunction.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff shall file his reply in support of his Emergency Motion for Preliminary Injunction and his response to Defendants'

---

[3] Doc. 6.

[4] Doc. 14.

[5] Doc. 15.

[6] Doc. 20.

[7] Docs. 22−23.

Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted **on or before November 10, 2020**.  Defendants' reply in support of their motion to dismiss shall be filed **within fourteen (14) days** of the date on which Plaintiff files his response.  No further briefing on these motions shall be permitted.  If this action remains pending after the Court issues a ruling on Defendants' motion to dismiss, the Court will promptly set a hearing date for Plaintiff's motion for a preliminary injunction.

    **IT IS SO ORDERED.**

    <u>Dated: October 21, 2020</u>

                                <u>S/ Julie A. Robinson</u>
                                  JULIE A. ROBINSON
                                  UNITED STATES DISTRICT JUDGE