IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PETER MARIO GOICO,**

    **Plaintiff,**

    v.

**UNITED STATES FOOD AND DRUG ADMINISTRATION and STEPHEN M. HAHN, COMMISSIONER OF FOOD AND DRUGS,**

    **Defendants.**

Case No. 20-1248-JAR-KGG

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Peter Mario Goico's *pro se* Motion to Reconsider (Doc. 36), which asks the Court to reconsider its December 3, 2020 Memorandum and Order ("December 3 Order") dismissing this action for lack of standing. The motion is fully briefed, and the Court is prepared to rule.[1] For the reasons set forth below, Plaintiff's motion is denied.

Very briefly, Plaintiff filed this action against Defendants, the U.S. Food and Drug Administration and its Commissioner, Stephen M. Hahn (collectively, the "FDA"), alleging that the FDA was unlawfully withholding hydroxychloroquine ("HCQ") for the prevention of the SARS-CoV-2 ("COVID-19") virus. Plaintiff sought injunctive relief in the form of an order "enjoin[ing] the FDA from disallowing prophylaxis [sic] use of hydroxychloroquine and enjoin[ing] any medical authority from punishing any doctor who prescribes hydroxychloroquine

---

[1] Plaintiff did not file a reply in support of his Motion to Reconsider, and the time for doing so has passed. Plaintiff's reply deadline was January 11, 2021. *See* D. Kan. Rule 6.1(d) (requiring that a reply be filed and served within 14 days of service of the response).

as a prophylaxis for COVID-19."[2]  In its December 3 Order, the Court dismissed this action after finding that Plaintiff lacked standing to sue because he had suffered no injury traceable to the FDA and because his alleged injury would not be redressed by the injunctive relief he sought.[3]

Plaintiff now seeks reconsideration of the December 3 Order under D. Kan. Rule 7.3(b), which applies to non-dispositive orders and judgments.[4]  However, the December 3 Order is dispositive rather than non-dispositive, and D. Kan. Rule 7.3(a) therefore applies.  That rule provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[5]  Because Plaintiff proceeds *pro se*, the Court is mindful that it must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[6]  Therefore, because Plaintiff filed his motion to reconsider within twenty-eight days of the Court's order, the Court construes Plaintiff's motion as one seeking to alter or amend judgment under Fed. R. Civ. P. 59(e).[7]

Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice.[8]  A Rule 59(e) motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts

---

[2] Doc. 1 at 3.

[3] Doc. 34 at 12−16.

[4] D. Kan. Rule. 7.3(b)(2).

[5] D. Kan. Rule 7.3(a).

[6] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[7] *See Hayes Fam. Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) ("No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment.") (citing *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992))); Fed. R. Civ. P. 59(e) (stating that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

[8] *Hayes Fam. Tr.*, 845 F.3d at 1004 (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

that could have been raised earlier.[9] A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to alter or amend.[10] Whether to grant a motion to alter or amend is left to the Court's discretion.[11]

Plaintiff's motion to reconsider consists of two paragraphs in which he asserts that the Court should alter its ruling based on new evidence. Specifically, Plaintiff contends that the American Medical Association ("AMA") and the FDA have now "reversed themselves" on the prophylactic use of HCQ; that the only thing that has changed to bring about this reversal is politics, with the passing of the presidential election; and that the FDA's change in opinion on the safety and effectiveness of HCQ for the treatment or prevention of COVID-19 is proof that the FDA was "being arbitrary and capricious" and lied to the Court.[12] Plaintiff attaches as an exhibit to his motion an article entitled, "UPDATE: American Medical Association Considers Resolution on Statement Against Prescription of Hydroxychloroquine for COVID-19 Patients."[13]

Nothing in Plaintiff's motion or the attached exhibit warrants alteration or amendment of the December 3 Order. In that Order, the Court found that Plaintiff lacked standing because he had failed to establish the required elements of causation and redressability. First, because the FDA was not actually withholding HCQ or preventing physicians from prescribing it, as Plaintiff claimed, he failed to allege a causal connection between his injury and the FDA's conduct

---

[9] *Servants of the Paraclete*, 204 F.3d at 1012; *see also Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993).

[10] *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059-KHV, 2013 WL 139750, at *2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)); *Kestrel Holdings I, L.L.C. v. Learjet Inc.*, No. 02-2388-CM, 2006 WL 2575719, at *2 (D. Kan. Mar. 30, 2006).

[11] *Coffeyville Res. Refining & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)); *Kestrel Holdings I, L.L.C.*, 2006 WL 2575719, at *2.

[12] Doc. 36 at 1.

[13] *Id*. at 2−6.

sufficient to establish standing. As the Court explained, the independent decisions of third-party medical professionals not to prescribe HCQ are not fairly traceable to the FDA.[14] Second, Plaintiff failed to satisfy the redressability element of standing because he could not show that it was likely, rather than speculative, that his injury would be redressed by a decision in his favor. Again, because the FDA was not prohibiting the use of HCQ, and it has no power over state medical authorities that might regulate the use of HCQ in medical practice, an order enjoining the FDA from forbidding the prescription of HCQ would not have redressed Plaintiff's injury.[15]

As the FDA now argues, Plaintiff's contention that the article regarding the AMA's resolution on the use of HCQ consists of new evidence fails for multiple reasons. First, the article actually states the opposite of what Plaintiff claims it does. While Plaintiff argues that the AMA has reversed itself and endorsed the use of HCQ, the article actually states that a resolution proposing that the AMA rescind a prior statement calling for physicians to stop prescribing HCQ until sufficient evidence becomes available was rejected.[16] Second, even if the article stated what Plaintiff claims it does, standing is determined at the time suit is filed, and Plaintiff cannot rely on later events to establish standing.[17] Third, and finally, the actions of the AMA are not attributable to the FDA, nor are the decisions of independent medical providers regarding whether to prescribe HCQ, as this Court previously stated. Plaintiff's motion for reconsideration lacks merit and is denied.

---

[14] Doc. 34 at 12−15.

[15] *Id*. at 15−16.

[16] *See* Doc. 36 at 2 ("The resolution must be accepted and this resolution was not accepted.")

[17] *See, e.g., Brown v. Buhman*, 822 F.3d 1151, 1164 (10th Cir. 2016); *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1153 (10th Cir. 2013) ("'[S]tanding is determined at the time the action is brought . . . and we generally look to when the complaint was first filed, not to subsequent events' to determine if a plaintiff has standing.") (alteration in original) (citation omitted)).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reconsider (Doc. 36) is **denied**.

Dated: January 18, 2021

                                                  S/ Julie A. Robinson
                                                  JULIE A. ROBINSON
                                                  UNITED STATES DISTRICT JUDGE